# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **DON D. RICKS** | **CIVIL ACTION NO. 06-1457** |
| **VS.** | **SECTION P** |
| **RICHARD DEVILLE, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Don D. Ricks on August 22, 2006. When he filed his petition, Ricks was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he was incarcerated at the Caldwell Correctional Center, Grayson, Louisiana and he complained that the LDOC had miscalculated his release date. In addition to seeking the recalculation of his good time credits, petitioner prays for monetary damages in an unspecified amount.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner failed to exhaust available state court remedies.

### *Statement of the Case*

Petitioner pre-dated his federal *habeas corpus* petition to reflect a signing date of August 22, 2006 [doc. 1-1, p. 8]; the pleading, however, was mailed on August 21, 2006 [doc. 1-1, p. 9] and it was received and filed in this court on August 22, 2006. In his pleading and its accompanying memorandum of law, petitioner complained that on March 6, 2006[1], the LDOC

---

[1] In his Memorandum, petitioner alleged that the recalculation occurred on April 6, 2006 [doc. 1-3, p. 2], however, the exhibit relied upon by petitioner to establish the recalculation is dated March 6, 2006. [doc. 1-3, p. 11]

1

recalculated his release date and in so doing miscalculated by failing to give him credit for a period of 89 days. As a result, his previously calculated "Good Time"[2] release date of June 24, 2006 [doc. 1-3, p. 4], was amended to reflect a "Good Time" release date of September 22, 2006. [doc. 1-3, p. 11] According to petitioner, this error resulted in a denial of Due Process and in the imposition of an excessive sentence. [doc. 1-3, p. 2] Petitioner further complained that this recalculation was arbitrary and capricious, and in retaliation for petitioner's testimony against officers of the Monroe Police Department. [doc. 1-3, p. 3]

Petitioner filed administrative remedies procedure grievances which were ultimately assigned Case Numbers HDQ-2005-4838 and HDQ-2005-5322.[3] Grievance HDQ-2005-4838 was received in LDOC headquarters on October 21, 2005. It was denied by the LDOC Secretary's designee on November 18, 2005. The denial noted,

> Your request basically is to have your release dates calculated. Attached to this response is a copy of your master prison record and time computation worksheet. Jail credit is calculated using information received from the arresting agency, therefore if you did not receive all the applicable credit to which you are legally entitled on the charge in question, you should contact that agency requesting that they provide DOC with accurate arrest information. [doc. 1-3, p. 9]

Grievance HDQ-2005-5322 was received in LDOC Headquarters on December 1, 2005. On December 29, 2005, the Secretary's designee to that grievance as follows:

> The record indicates that you returned to DOC physical custody as a technical violator on March 14, 2005. You received credit for time served from December 15, 2004 until March 14, 2005, in the amount of 89 days. This credit is applied one time to the balance owed as a violator serving consecutive terms. Your release dates are considered to be accurate and will not be amended in this instance. [doc. 1-3, p. 5]

---

[2] Under Louisiana law, certain prisoners are entitled to earn diminution of sentence, or "good time" by their "... good behavior and performance of work or self-improvement activities, or both... at the rate of thirty days for every thirty days in custody..." La. R.S.15:571.3.

[3] Petitioner has not provided copies of the ARP's which preceded the Second Step appeal.

Thereafter, on March 28, 2006, petitioner filed a *pro se* Petition for Judicial Review in the Nineteenth Judicial District Court, East Baton Rouge Parish. [doc. 1-3, p 13] The Petition was received and filed on May 8, 2006, and assigned docket number C543092. [doc. 1-3, pp. 13-20] When petitioner filed his federal *habeas corpus* petition this matter was still pending in the Nineteenth Judicial District Court and apparently remains pending before that court. [doc. 1-1, paragraph 6(c)]

On June 20, 2006, petitioner filed a *pro se* "Motion for Clarification of Prior Jail Credits" in the Monroe City Court. [doc. 1-3, pp. 21-23] On some unspecified date, the Monroe City Court "refused to act on the motion." Petitioner did not seek further review of the denial of his Motion for Clarification. [doc. 1-1, paragraph 7(b)]

As stated above, petitioner filed his federal *habeas corpus* petition in late August, 2006. On September 22, 2006, petitioner was released from the physical custody of the LDOC.[4]

*Law and Analysis*

*1. Civil Rights Claims*

Petitioner seeks not only recalculation of his sentence, and thus an earlier release from custody, but money damages as well. By so doing he has asserted claims cognizable in a civil rights complaint filed pursuant to 42 U.S.C. §1983 in his *habeas corpus* petition. (Title 42

---

[4] See doc. 1-3, p. 11, DPS&C Corrections Services Master Record, which as shown above, provided a "good time" release date of September 22, 2006. The fact of petitioner's release on that date was confirmed by the LDOC's Inmate Locator Services. http://www.corrections.state.la.us/inmate_locator_requests.htm.

To the extent that petitioner sought release on the earlier good time release date as opposed to the later one, his petition may well be moot. Nevertheless, it should be noted that petitioner was "in custody" when the petition was filed; further, petitioner's "full term" release date was also recalculated and therefore, to the extent that petitioner seeks review of that recalculation, his claim apparently remains justiciable. See *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559-60, 20 L.Ed.2d 554 (1968); *Maleng v. Cook*, 490 U.S. 488, 490-491, 109 S.Ct. 1923, 1924-25, 104 L.Ed.2d 540 (1989) (per curiam). Of course, the undersigned need make no such filing since dismissal of the habeas claims is clearly mandated by petitioner's failure to properly exhaust available state court remedies.

3

U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, <u>shall be liable</u> to the party injured in an action at law, suit in equity, or other proper proceeding <u>for redress</u>....")

On the other hand, "[a] *habeas* petition ... is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). (See also *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that *habeas corpus* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement); see also *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*").

Petitioner has thus attempted to combine *habeas corpus* and civil rights claims in the *pro se* pleadings submitted to the court. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under §1983, and the claims can be separated, federal courts should do so, entertaining the §1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

To the extent that petitioner seeks money damages as a result of the miscalculation of his release date, he is advised that such a claim may not be joined to his *habeas corpus* claim and should be raised in a civil rights complaint. If petitioner desires to litigate his claim for money damages he must refile the complaint utilizing the appropriate complaint form and either pay the

4

costs of court or submit a properly executed application to proceed *in forma pauperis*.[5]

## 2. Exhaustion of State Court Remedies

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
> 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

---

[5] Petitioner may request copies of the §1983 complaint and *in forma pauperis* application from the Clerk of the Court and thereafter submit his claims in the appropriate manner in this court should he so choose. Petitioner is advised that the cost of litigating a civil rights complaint pursuant to §1983 is significantly higher than the cost of litigating a *habeas corpus* petition.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not presented his federal *habeas* claims to the Supreme Court of Louisiana. Therefore, it is clear that the Louisiana courts have not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims. (As shown above, petitioner admits that his claim is still pending before the Nineteenth Judicial District Court. Further, a review of the presumptively reliable published jurisprudence of the State of Louisiana confirms that petitioner has not yet litigated his federal *habeas corpus* claims in the Louisiana Supreme Court.)

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff[6]), he cannot now proceed in this court in *habeas*

---

[6] In the event that petitioner does not prevail in his claims presently pending before the Nineteenth Judicial District Court, he may seek discretionary review of those claims by filing a writ application in Louisiana's First Circuit Court of Appeals. If that court denies relief, petitioner may invoke the supervisory jurisdiction of the Louisiana Supreme Court. Once that process is complete, and assuming that petitioner's claims are rejected, he may then raise his federal constitutional claims in this court by filing another petition for writ of *habeas corpus*.

*corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

Moreover, since the present petition raises <u>only unexhausted claims</u>, the court need not address the stay and abeyance of mixed *habeas* petitions recently addressed by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a <u>mixed</u> *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Therefore

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas corpus* claims remain unexhausted and petitioner's prayer for money damages is not cognizable in a *habeas corpus* proceeding.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

7

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 9th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE